### MAY v. MENTON et al.

(City Court of New York, General Term. October 30, 1896.)

CONTRACTS—ACTIONS—FINDINGS.

Findings that plaintiff, in performing work, used materials inferior to those specified in the contract, are insufficient to support a judgment for the contract price, less the difference in value between the materials contracted for and furnished.

Appeal from special term.

Action by William M. May against Dennis J. Menton and others to foreclose a mechanic's lien. From a judgment in favor of plaintiff on finding by the court, defendants appeal. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

J. J. Fitzgerald, for appellants.

S. Coffin, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered after a trial before a judge on his findings made thereon. The action was commenced to foreclose a mechanic's lien filed by the plaintiff against the defendant Dennis J. Menton, as contractor, against the property Nos. 503 to 507 West Fiftieth street, New York City, and subsequent to the filing of said lien the defendant Menton had the same discharged by the giving of a bond pursuant to the statute in such case made and provided. The plaintiff, in his complaint, alleges a verbal agreement to have been made on or about July 10, 1895, with the defendant Menton, who was the contractor with the owner, whereby the plaintiff was to furnish all the necessary materials for the roof, cornices, leader, and so forth, and the necessary labor for the fitting, etc., for the sum of $775; and on the trial, by his evidence, he sustained that agreement. The defendant Menton's evidence on the trial proved that an agreement was made between him and the plaintiff for furnishing and tinning the roof, etc., as aforesaid, for the price of $775, but that the tin to be used in said work should be according to the specifications of the architect, to wit, "Merry's Old Method" tin. The plaintiff testified at the trial that he gave the defendant Menton an estimate on the tin mentioned in the defendant Menton's estimate,—on the tin mentioned in the architect's specifications, which was "Merry's Old Method," for $998; that said defendant said that estimate was too high; that he replied, "I can make it cheaper if you will allow me to use an inferior tin;" that said defendant consented thereto, and the price was then reduced, and fixed

upon at $775. The court, in its findings, finds that the said agreement was made between the parties at the agreed price of $775, and that the tin to be used was to be that stated in the specifications, to wit, "Merry's Old Method" tin. The court then finds that the plaintiff used, instead of "Merry's Old Method" tin, another and cheaper tin, the difference in price between the two grades being $105, which said $105 the court allowed to be deducted from the contractor's price of $775, besides $323 paid on account thereof, and gave judgment for the balance. This is an inconsistent finding, because, if the plaintiff performed his contract, as alleged in his complaint, and proved by his evidence on the trial, he is entitled to the contract price of $775, and no $105 should be deducted therefrom; and, if the plaintiff has not used the "Merry's Old Method" tin, then the plaintiff has failed to perform his contract, and cannot recover at all. As the findings now stand, the judgment based thereon could only be sustained if the findings contained an additional one, to wit, that after the contract, as found in said finding, was made, it was modified subsequently by allowing the plaintiff to use cheaper tin than "Merry's Old Method" tin.

There being no such finding found by the court, the judgment cannot be sustained, and must be reversed, with costs to the appellants to abide the event. All concur.